No. 12439

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

-----

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

LAWRENCE KAZOR NANOFF,

Defendant and Appellant.

-----

Appeal from:  District Court of the Eighth Judicial District,
Honorable R. J. Nelson, Judge presiding.

Counsel of Record:

For Appellant:

Berger, Anderson, Sinclair and Murphy, Billings,
Montana.
Arnold A. Berger argued, Billings, Montana.

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana.
J. C. Weingartner argued, Assistant Attorney General,
Helena, Montana.
J. Fred Bourdeau, County Attorney, Great Falls,
Montana.

-----

Submitted:  April 26, 1973

Decided: MAY - 9 1973

Filed: MAY - 9 1973

Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a post-trial order of the district court of Cascade County refusing to return items of personal property owned by defendant.

Defendant Lawrence Kazor Nanoff was convicted of the crime of receiving stolen property. That conviction was made possible by the introduction of various items seized under a search warrant issued by the district court. Among the items seized were stereo equipment, television sets, and a number of guns and ammunition, some of which had been stolen. Also seized were some guns and ammunition which had not been stolen, but belonged to defendant. The conviction was appealed to this Court and reversed on the basis of a faulty search warrant. State v. Nanoff, ____Mont.____, 502 P.2d 1138, 29 St.Rep. 908.

Defendant had been convicted of a previous felony, first degree burglary. He was sentenced to two years imprisonment in the Montana state prison. He was paroled on March 15, 1950 and his sentence expired August 15, 1950.

After defendant's conviction was reversed and subsequently dismissed, he moved the district court under section 95-715, R.C.M. 1947, to return to him all his personal property; not including anything proved to have been stolen. This personal property included guns, ammunition, camera, radio, cassette tape recorder and an 8 track stereo set. The district court refused to return defendant's own personal guns and ammunition based on Title 18, U.S.C.App. § 1202, which prohibits convicted felons from possessing, receiving, or transporting in interstate or affecting interstate commerce, any firearm. The district court offered defendant two alternatives: (1) that defendant assign and deliver the guns to his attorney with the understanding that they not be returned to defendant; or (2) that defendant ask the court to sell the items and have the proceeds turned over to defendant.

Defendant appeals this order of the district court asking that both options be stricken and the weapons returned to him.

The only issue on this appeal is whether Title 18, U.S.C. App. §1202 prohibits appellant from owning firearms. Section 1202(a) reads in pertinent part:

"Any person who----

"(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, or * * *

"and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

The decision of the district court, based upon the above quoted statute was centered on the fact appellant was a convicted felon. There was no evidence that appellant was in any way affecting commerce by his possession of these guns.

Section 1202 has been interpreted by the United States Supreme Court in United States v. Denneth Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L ed 2d 488, 491,497,498, decided December 20, 1971. The fact summation by the Court is concise and pertinent:

"The evidence showed that defendant, who had previously been convicted of a felony in New York State, possessed on separate occasions a pistol and then a shotgun. There was no allegation in the indictment and no attempt by the prosecution to show that either firearm had been possessed 'in commerce or affecting commerce'. The Government proceeded on the assumption that § 1202(a)(1) banned all possessions and receipts of firearms by convicted felons, and that no connection with interstate commerce had to be demonstrated in individual cases."

The Court ruled that the words "in commerce or affecting commerce" are intended to modify the three words "receives", "possesses" or "transports". It then went on to find there was an ambiguity in the statute and that when there are two interpretations the Court will adopt the one most favorable to the defendant:

"Thus, where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant. Here, we conclude that Congress has not 'plainly and unmistakably,'

United States v. Gradwell, 243 US 476, 485, 61 L Ed
857, 864, 37 S Ct 407, made it a federal crime for
a convicted felon simply to possess a gun absent
some demonstrated nexus with interstate commerce."

The Court then commented on the Federal-State balance and its desire to preserve the same. It emphasized that if the states wanted to pass legislation making possession of a firearm a crime by a particular class of persons, they were free to do so; however, the Congress had not done so in § 1202. Again, in Bass, the Court said:

"Absent a clearer statement of intention from
Congress than is present here, we do not interpret
§ 1202(a) to reach the 'mere possession' of fire-
arms."

Based upon this clear mandate by the United States Supreme Court, we can find no authority to uphold the state's position. In its brief the state did not attempt to support the action of the district court based on any federal law. Instead the state argues that since appellant is a convicted felon and has never been pardoned, that he has lost his right to own a gun. This Court does not see how that argument applies where, as here, the state went into appellant's home on a faulty search warrant and without authority took personal property belonging to appellant. The state contends it does not have to return the personal property because appellant twenty years ago was convicted of a felony. Neither the reasoning of the state nor the action taken by the district court is supported by the law.

We therefore order that the cause be remanded to the district court so that all of appellant's personal property now in possession of the court be returned to appellant as provided in section 95-715, R.C.M. 1947.

_____
Associate Justice

- 4 -

We Concur:

_Jaquer T Harrison_
Chief Justice

_Frank S Howell_

_John Conway Harrison_

_James T Daly_
Associate Justices.